

# CITY OF JERSEY CITY
## DEPARTMENT OF LAW

CITY HALL ● 280 GROVE STREET ● JERSEY CITY, NJ 07302
PHONE (201) 547-5229 ● FAX (201) 547-5230

**STEVEN M. FULOP**
*MAYOR OF JERSEY CITY*

**BRITTANY M. MURRAY**
*ACTING CORPORATION COUNSEL*

August 28, 2025

<u>via ECF</u>
Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **United States of America v. City of Newark, et al.**
 <u>**Civil Action No. 2:25-cv-05081**</u>

Dear Judge Padin:

The undersigned represents defendants City of Jersey City, Jersey City City Council, Joyce E. Watterman and Steven Fulop ("Jersey City defendants") in the above-captioned matter. Pursuant to Your Honor's General Pretrial and Trial Procedures Section H(E)(i), please accept this letter as a request for a pre-motion conference in anticipation of the Jersey City defendants seeking dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6).

In its Complaint, Plaintiff alleges that the issuance of an Executive Order by Jersey City Mayor Steven Fulop ("Fulop EO"), which set forth the bounds of local law enforcement's voluntary cooperation with federal immigration officials, violates the Supremacy Clause of the United States Constitution through preemption, unlawful discrimination against the federal government and unlawful regulation of the federal government. [Dkt. 1, ¶48-51, 82-95],

First, plaintiff is without standing to bring this action against defendants. New Jersey Attorney General Directive 2018-6, issued in November 2018 and revised in September 2019 ("Immigrant Trust Directive") requires that all municipalities adhere to the very policies that are set forth in the challenged Executive Orders. Therefore, Plaintiff cannot show that its alleged injuries are traceable to these named defendants or redressable by an order in this case. <u>See, e.g., United States v. New Jersey</u>, No. 20-1364 (D.N.J. Jan. 26, 2021).

Second, it is Jersey City defendants' position on the proposed motion to dismiss that the Complaint is without merit, as the Fulop EO does not violate the Supremacy Clause. The order does not prohibit any voluntary exchange of information regarding citizenship or immigration status, therefore it is not expressly or conflict preempted by 8 U.S.C. §§1373 or 1644. In <u>Ocean Cnty. Bd. Of Commissioners v. Att'y Gen. of State of New Jersey</u>, 8 F.4th 176 (3d Cir. 2021), the Third Circuit issued a decision that is binding precedent upon this Court, which upheld the near identical New Jersey state directive against an identical preemption challenge. The Third Circuit

wholly rejected the argument that local authorities restricting communication of immigration information to the federal government and making enforcement more difficult is enough to serve as the basis for preemption.

The Tenth Amendment's anti-commandeering principle also requires the rejection of Plaintiff's Complaint, as the ultimate relief sought is the ability to force states or local authorities to implement or enforce federal law, which is expressly prohibited. See Printz v. United States, 521 U.S. 898 (1997) and Murphy v. NCAA, 584 U.S. 453 (2018). The Jersey City defendants are bound by the Attorney General's Immigrant Trust Directive and the Fulop EO is a reiteration that Jersey City is following the rule of law as promulgated by the state, while responding to the government when required by federal law. Therefore, the Plaintiff's claims of preemption and discrimination must be rejected.

As many substantially similar or nearly identical complaints have been filed throughout the country, the almost identical legal issues presented in the instant matter were recently resolved in the United States v. Chicago, et. al, (N.D. Ill. Feb. 6, 2025), in which the district court rejected the federal government's arguments that local entities are preempted from issuing directives on law enforcement cooperation, and that doing so interferes with federal immigration enforcement or discriminates against the federal government.

Although the Jersey City defendants seek dismissal of the Complaint in its entirety, it is important to note that the Jersey City City Council and Council President Joyce Watterman are not involved in this matter. The only act challenged by Plaintiff as to the Jersey City defendants is the issuance of the Fulop EO, which is solely within the power of the Mayor. There is no ordinance, resolution, or any council power at issue, therefore these parties must be dismissed.

Local law enforcement must be able to focus on their regular duties to maintain order and safety for Jersey City's nearly 300,000 residents. Use of city resources for local public safety should not be manipulated by the Plaintiff as noncompliance with the law. The Fulop EO is emblematic of the core responsibility of local government; to provide for the safety of its residents through trust and cooperation from the public, including members of immigrant communities, to effectuate the City's goal in allowing residents to live in peace and prosperity.

It is expected that the Jersey City Defendants will join some or all the arguments put forth by the Newark, Hoboken and Paterson defendants, in their own motions for dismissal, and respectfully reserve the right to assert additional arguments beyond what has been set forth here.

We respectfully request Your Honor schedule a pre-motion conference to discuss the anticipated motions to dismiss and thank the Court for its consideration.

Respectfully submitted,

**BRITTANY M. MURRAY**
**ACTING CORPORATION COUNSEL**

By: */s/ Brittany M. Murray*

cc:    All counsel of record via ECF