

*Andre Sayegh*
*Mayor*

**CITY OF PATERSON**
**DEPARTMENT OF LAW**
**CITY HALL**
155 MARKET STREET
PATERSON, NJ 07505-1479
PHONE: (973) 321-1366
FACSIMILE: (973) 321-1367

**AYMEN A. ABOUSHI, ESQ.**
Corporation Counsel

**DOMENICK STAMPONE, ESQ.**
First Assistant Corporation Counsel
Chief Municipal Prosecutor

**BEN-DAVID SELIGMAN, ESQ.**
Second Assistant Corporation Counsel

August 28, 2025

**VIA ECF**
Hon. Evelyn Padin, U.S.D.N.J.
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      **Re: United States of America v. City of Newark et. al.**
      Civil Action Case No.: 2:25-cv-5081

**Request for Pre-Motion Conference**

Dear Judge Padin:

      The undersigned represent Defendants City of Paterson, Andre Sayegh, and Alex Mendez ("the City") in the above-captioned matter. Pursuant to Federal Rule of Civil Procedure 12(b) and Section II(E)(i) of Your Honor's Civil Case Procedures, the City respectfully requests a pre-motion conference in anticipation of filing a Motion to Dismiss under either Rule 12(b)(1) or Rule 12(b)(6).

      The City intends to seek dismissal of the Complaint in its entirety, with prejudice, on the grounds that the City of Paterson's policy, together with its Police Department's Standard Operating Procedures ("SOPs"), does not prohibit the voluntary exchange of information regarding citizenship or immigration status and is therefore neither expressly nor conflict preempted by 8 U.S.C. §§ 1373 or 1644. The City further maintains that the policy and SOPs govern only municipal employees, impose no regulation upon and do not discriminate against the federal government, and leave federal immigration enforcement unaffected, thereby negating any claim under the doctrine of intergovernmental immunity.

      In addition, any relief compelling the City to collect or share information would violate the Tenth Amendment's anti-commandeering principle as recognized in <u>Printz v. United States,</u> 521 U.S. 898 (1997) and <u>Murphy v. NCAA</u>, 584 U.S. 453 (2018). Federal immigration detainers are voluntary requests, and the City's decision not to honor them absent legal compulsion is lawful under controlling precedent, including <u>Galarza v. Szalczyk,</u> 745 F.3d 634, (3d Cir. 2014).

1

Moreover, Plaintiff lacks standing to bring this action because its alleged injuries are neither traceable to the City and other Defendants nor re-dressable by a favorable decision of this Court. New Jersey Attorney General Directive 2018-6, the "Immigrant Trust Directive," issued in November 2018 and revised in September 2019, imposes statewide limitations that bind all municipalities, prohibiting local officials from participating in civil immigration enforcement operations, disclosing non-public personally identifying information, providing federal authorities with access to detained individuals or notice of their release, and entering into § 287(g) agreements unless required by law. See Immigrant Trust Directive at 3–6. Because the challenged local policies merely reflect this binding state mandate, Plaintiff cannot show that its injuries are "fairly traceable" to defendants or "likely to be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1991). Nor can Plaintiff remedy this jurisdictional defect by attempting to add the State of New Jersey as a defendant, as the District Court in United States v. New Jersey, No. 20-1364 (D.N.J. Jan. 26, 2021), already rejected a similar challenge to the Directive, and the unappealed final judgment in that case now bars re-litigation under basic principles of collateral estoppel. Plaintiff also fails to allege any specific instance in which a request for information was refused, thereby lacking the injury-in-fact required for standing under Article III.

Lastly, the legal issues presented here have very recently resolved in United States v. City of Chicago, et. al. (N.D. Ill. Feb. 6, 2025). The Northern District of Illinois Eastern Division held in favor of the City of Chicago in what is a materially identical policy to the City of Paterson's and granted the City's motion to dismiss without prejudice. In its opinion, the Court emphasized that an expansive and capacious reading of § 1373 – which Plaintiff urges here – is inappropriate (Id., 23) and that § 1373 does not require information sharing; it simply restricts prohibitions on it and leave the ultimate decision to implementing officials. (Id., 30). These same legal issues presented were also previously resolved in County of Ocean v. Grewal, 522 F. Supp. 3d 266 (D.N.J. 2021), which also supported dismissal under principles of issue preclusion.

In sum, Plaintiff has no basis for challenging the City's policies. For these reasons and others to be detailed, the City respectfully requests that the Court schedule a pre-motion conference to address its anticipated motion.[1]

Respectfully submitted,
/s/ Aymen A. Aboushi
Aymen A. Aboushi

/s/ Owen T. Campbell
Owen T. Campbell

Attorneys for Defendant,
City of Paterson
Andre Sayegh, Mayor of the City of Paterson
Alex Mendez, Paterson City Council

---

[1] The City of Paterson adopts and incorporates by reference the arguments set forth by the other defendants in their respective submissions. Defendants reserve their right to assert additional arguments in their motion to dismiss.