# Milbank

**GURBIR S. GREWAL**
*Partner*
55 Hudson Yards  |  New York, NY 100001-2163
T: +1 (212) 530-5775
ggrewal@milbank.com  |  milbank.com

October 21, 2025

<u>**Via ECF**</u>

The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

   **Re:** *United States of America v. City of Newark*, **No. 2:25-cv-5081**

  Pursuant to this Court's October 16, 2025, Order, Dkt. No. 40, Defendants jointly oppose the United States' motion to stay the above-captioned case, Dkt. No. 36.

  This Court has already decided this case should not be stayed.  On October 3, 2025, Chief Judge Bumb issued Standing Order 2025-06, holding in abeyance nearly all civil actions in which the United States is a party until the federal government is funded, except three cases, including this one.  *See* Notice re Standing Order at 1-2, Dkt. No. 35, Oct. 14, 2025.

  The Court was right to allow this case to proceed.  As Defendants explained in their motions to dismiss and pre-motion conference letters, it is critical to dispose of this case expeditiously to maintain public safety and to protect the delicate trust Defendants have built with their communities.  Put simply, if immigrants fear that local police will turn them over to immigration authorities based on a routine interaction, they are less likely to report a crime, testify as a witness, or otherwise engage with local law enforcement.  *See* Dkt. Nos. 26, 37-1, 38-1, 39-1; *see also Cnty. of Ocean v. Grewal*, 475 F. Supp. 3d 355, 363 n.5 (D.N.J. 2020), *aff'd sub nom. Ocean Cnty. Bd. of Comm'rs v. Att'y Gen. of N.J.*, 8 F.4th 176 (3d Cir. 2021).  And the resolution of this case will be straightforward: the United States cannot establish standing, the Third Circuit has already rejected the United States' arguments on the merits, and courts across the Nation have overwhelmingly dismissed similar attempts to invalidate policies limiting local officials' cooperation with federal civil immigration enforcement efforts.  *See* Dkt. Nos. 37-1, 38-1, 39-1.

  The United States' approach to immigration-related matters during the shutdown further confirms this Court was correct to exclude this case from its general stay order.  Even as the government has shut down many essential services throughout the country, it continues to fund ICE, immigration courts, and a host of immigration enforcement operations.  *See, e.g.*, *U.S. Department of Justice FY 2026 Contingency Plan* at 6 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl; Mattathias Schwartz, *Federal Officials Defend Use of Tear Gas in Chicago Immigration Crackdown*, N.Y. Times, Oct. 20, 2025, https://www.nytimes.com/2025/10/20/us/chicago-hearing-tear-gas-trump.html.  In light of these continued immigration operations, other courts have similarly excepted immigration cases from their general shutdown stay orders.  *E.g.*, Admin. Order No. 25-MC-04-28 at *3 (D.N.M. Oct. 1, 2025), https://www.nmd.uscourts.gov/sites/nmd/files/general-ordes/25-MC-04-28_Civil%20Proceedings%20

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

Involving%20the%20U.S.%20During%20Federal%20Lapse%20in%20Appropriations.pdf (excepting "civil immigration matters"). The Court should deny the United States' stay motion.

                                          Respectfully submitted,

                                          */s/ Gurbir S. Grewal*
                                          Gurbir S. Grewal

cc:      All counsel of record via ECF