**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. CITY OF NEWARK *et al.*, *Defendants*. | Hon. Evelyn Padin, U.S.D.J. Hon. Andre M. Espinosa, U.S.M.J. Docket No. 2:25-cv-5081 <u>Civil Action</u> Motion Date: November 17, 2025 |

**MOTION OF THE STATE OF NEW JERSEY**
**FOR LEAVE TO APPEAR AND FILE A BRIEF AS *AMICUS CURIAE***

The State of New Jersey, by and through the undersigned counsel, respectfully moves this Court for leave to appear as *amicus curiae* and submit the attached brief. As grounds for this request, the State submits that:

1. District Courts have broad discretion to permit an appearance as *amicus curiae* and to determine the scope of *amicus* participation. *See United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." (citation omitted)); *see also Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209–10 (E.D. Pa. 2005) (appointing amicus with participation rights beyond just filing briefs).

2. While there is no rule expressly governing the appearance of *amici* in the District Court for the District of New Jersey, the Third Circuit's application of Federal Rule of Appellate Procedure 29 ("Rule 29") provides guidance for courts in the District of New Jersey. *Alkaabi*, 223 F. Supp. 2d at 592.

3. Under Rule 29, a third-party seeking leave to appear as *amicus curiae* must state: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

4. The Third Circuit broadly construes Rule 29's criteria because "it is preferable to err on the side of granting leave" than "be deprived of a resource" that might have been of assistance to the court. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002).

5. Rule 29 is particularly lenient with respect to the appearance of government entities, providing, in relevant part, that "a state" may file an amicus brief "without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2).

6. District Courts in this District have granted proposed *amici* leave to appear and file a brief where Rule 29's requirements have been broadly satisfied. *See, e.g.*, *Alkaabi*, 223 F. Supp. 2d at 592.

7. The State satisfies the Rule 29 criteria.

8. In this matter, the federal Government seeks to enjoin municipal policies of the Cities of Newark, Jersey City, Paterson, and Hoboken (the "Cities"), even though each policy is substantially similar to a statewide directive issued by the New Jersey Attorney General, Attorney General Law Enforcement Directive No. 2018-6 v2.0 (the "Directive"). Notwithstanding the Cities' policies, each of the Cities' law enforcement officers is bound to comply with the Directive.

9. In February 2020, the federal government sued the State seeking to enjoin the Directive on similar grounds now raised here. This Court rejected those claims and dismissed the action. *See United States v. New Jersey et al.*, 2021 WL 252270 (D.N.J. Jan. 26, 2021). In another case, this Court also rejected nearly analogous challenges to the Directive, and the Third Circuit affirmed. *See County of Ocean v. Grewal*, 475 F. Supp. 3d 355 (D.N.J. 2020), *aff'd sub nom. Ocean Cnty. Bd. of Comm'rs v. Att'y Gen. of N.J.*, 8 F.4th 176 (3d Cir. 2021).

10. The State has a strong interest in ensuring the continued validity and enforcement of the Directive, and in ensuring that this Court has a complete understanding of the Directive's relevance to this matter, including how it affects the Federal Government's Article III standing. The State's prior experience in litigating the issues presented here further underscores its interest in appearing as *amicus curiae* in this matter to assist the Court in the resolution of the claims now presented once again.

11. The State's participation as *amicus curiae* in this matter is also desirable and relevant to the disposition of this case for those same reasons.

The State thus respectfully requests that the Court grant this motion for leave to appear and file the attached brief as *amicus curiae*.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Giancarlo G. Piccinini
Giancarlo Genaro Piccinini (414322022)
*Deputy Attorney General*
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
Giancarlo.Piccinini@law.njoag.gov

Dated:   October 21, 2025
         Newark, New Jersey

Jeremy M. Feigenbaum
*Solicitor General*

Lara J. Fogel
Benjamin M. Shultz
*Assistant Attorneys General*

Surinder K. Aggrawal
Anaiis Gonzalez
Nathaniel Rubin
*Deputy Attorneys General*

4