Farrin R. Anello
Délany Sisirucá*
Molly K.C. Linhorst
Katie Considine
Jeanne LoCicero
Ezra D. Rosenberg
American Civil Liberties Union
  of New Jersey Foundation
570 Broad Street, 11th Floor
P.O. Box 32159
Newark, New Jersey 07102
(973) 854-1713
fanello@aclu-nj.org

*Attorneys for Proposed Amici Curiae*

*\*Pro Hac Vice Application Forthcoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>- against -<br><br>CITY OF NEWARK; CITY OF JERSEY CITY; CITY OF PATERSON; CITY OF HOBOKEN; NEWARK CITY COUNCIL; JERSEY CITY CITY COUNCIL; PATERSON CITY COUNCIL; HOBOKEN CITY COUNCIL; C. LAWRENCE CRUMP, Newark City Council President, in his official capacity; JOYCE E. WATTERMAN, Jersey City City Council President, in her official capacity; ALEX MENDEZ, Paterson City Council President, in his official | Civil Action No.:<br>2:25-CV-05081-EP-AME<br><br>**CERTIFICATION OF FARRIN R. ANELLO IN SUPPORT OF MOTION FOR LEAVE TO APPEAR AS AMICI CURIAE** |

capacity; JAMES DOYLE, Hoboken City Council President, in his official capacity; RAS J. BARAKA, Mayor of Newark, in his official capacity; STEVEN M. FULOP, Mayor of Jersey City, in his official capacity; ANDRÉ SAYEGH, Mayor of Paterson, in his official capacity; RAVINDER S. BHALLA, Mayor of Hoboken, in his official capacity,

*Defendants.*

I, Farrin R. Anello, hereby certify:

1.      I am an attorney admitted to practice law in the United States District Court for the District of New Jersey.  I am employed as Senior Counsel at the American Civil Liberties Union of New Jersey Foundation, the legal arm of the American Civil Liberties Union of New Jersey ("ACLU-NJ").

2.      I make this certification in support of the motion of the ACLU-NJ for leave to appear in the above-captioned matter in an amicus curiae capacity, and to appear on behalf of 29 other organizations that represent or advocate on behalf of a wide range of New Jersey communities, including in Hoboken, Jersey City, Newark, and Paterson. I have personal knowledge of the facts set forth herein.

3.      Movants are advocacy and service organizations that, as a result of representing, providing services to, or seeking policy change on behalf of immigrants in Hoboken, Jersey City, Newark, Paterson, and other New Jersey

communities, have developed special expertise as to the needs of the state's immigrant communities. Movants and their special interests and expertise are introduced individually in the attached appendix.

4.    For over 60 years, the ACLU-NJ has defended liberty and justice guided by the vision of a fair and equitable New Jersey for all. Our mission is to preserve, advance, and extend the individual rights and liberties guaranteed to every New Jerseyan by the State and Federal Constitutions in courts, in legislative bodies, and in our communities.

5.    Founded in 1960 and based in Newark, the ACLU-NJ is a non-partisan organization that operates on several fronts – legal, political, cultural – to bring about systemic change and build a more equitable society. The ACLU-NJ has over 25,000 members in New Jersey and hundreds of thousands more supporters across the state.

6.    The ACLU-NJ has appeared as amicus in federal cases related to immigrants' rights. *See, e.g.*, *CoreCivic, Inc. v. Governor of New Jersey*, 145 F.4th 315 (3d Cir. 2025) (appeal of District Court ruling that invalidated state statute prohibiting new or expanded immigration detention contracts); *Ocean Cnty. Bd. of Comm'rs v. Att'y Gen. of State of N.J.*, 8 F.4th 176 (3d Cir. 2021) (arguing that the statewide Immigrant Trust Directive is consistent with the U.S. Constitution and federal law and critical to the safety and rights of New Jerseyans); *German Santos v. Warden*, 965 F.3d 203 (3d Cir. 2020) (addressing due process protections for

immigrants detained longer than six months); *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208 (3d Cir. 2018) (addressing due process protections for immigrants detained longer than six months); *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015) (challenging surveillance by the New York Police Department of Muslims in New Jersey); and *DelRio-Mocci v. Connolly Properties*, 672 F.3d 241 (3d Cir. 2012) (arguing that leasing apartments to undocumented immigrants does not violate federal law).

7.    District courts have discretion to allow third parties to participate in legal actions as amicus curiae. *See United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) ("The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court."). Courts in the District of New Jersey have granted motions for the ACLU-NJ and other organizations to appear as amicus curiae in the District of New Jersey on cases implicating civil rights. *See, e.g.*, *County of Ocean v. Grewal*, 475 F.Supp.3d 355, 381 (D.N.J. 2020) (addressing the New Jersey Attorney General's power to implement the Immigrant Trust Directive); *Islamic Soc'y of Basking Ridge v. Township of Bernards*, 226 F. Supp. 3d 320 (D.N.J. 2016) (addressing religious land use and anti-Muslim animus); *Care-One Mgmt., LLC v. United Healthcare Workers E., SEIU 1199*, No. 2:12-cv-06371-SDW- MAH, ECF No. 127 (D.N.J. July 2, 2014) (addressing First Amendment right of students who received subpoena).

8.      Although there is no rule governing when amici may participate in cases before the District of New Jersey, district court judges have previously considered the Third Circuit's interpretation of the criteria in Rule 29 of the Federal Rules of Appellate Procedure. *See, e.g., Acra Turf Club, LLC v. Zanzuccki*, 2014 WL 5465870, at *13 (D.N.J. Oct. 28, 2014); *see also Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) ("I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted."). Rule 29 requires that amici have an interest in the case, participation by amici is desirable, and the amicus brief addresses issues that are "relevant to the disposition of the case." Fed. R. App. P. 29(a)(2)-(3).

9.      The District Court of New Jersey has previously granted motions for leave when: (1) amicus has a special interest in the specific case; (2) the interest is not fully represented by the existing parties; (3) the information provided by amicus is both timely and useful; and (4) amicus is not partial to a specific outcome in the case. *See, e.g., Alkaabi*, 223 F. Supp. 2d at 592; *United States v. Bayer Corp.*, No. 07-CV-0001 (JLL), 2014 WL 12625934, at *4 (D.N.J. Oct. 23, 2014).

10.     Courts may consider the partiality of amici as a factor, but amici need not be completely disinterested. *See Bayer Corp.*, 2014 WL 12625934, at *4 (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "Parties

with pecuniary and policy interests have regularly been allowed to appear as amici in our courts." *Alkaabi*, 223 F. Supp. 2d at 592; *see also Neonatology Assocs.*, 293 F.3d at 131 (stating that "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend").

11.      Participation of amici is particularly appropriate "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991). That is the case here. Amici's proposed brief presents invaluable information and perspective for the Court.

12.      Movants have a special interest in the present case, satisfying the first prong. Amici are advocacy and service organizations that, as a result of representing, providing services to, or seeking policy change on behalf of immigrants and others in the cities at issue in this case and/or across New Jersey, have developed special expertise in the needs of these communities. Amici understand, with great specificity, the circumstances faced by New Jersey immigrants, and have worked to make New Jersey a fairer and more welcoming state for immigrants and their families and neighbors. The Court's decision in the present case presents real consequences to amici and their members, supporters and clients, and it will affect how their clients and communities will interact with municipal agencies in the future.

Accordingly, amici have a strong interest in the present case.

13.    The position of amici is not completely represented by the parties. Unlike Defendants, amici can speak to the impact that cooperative agreements between municipal agencies and federal immigration authorities have on immigrant families and their ability to navigate their daily lives. As a result of their extensive experience serving immigrant and other communities and their expertise in the needs of these populations, amici are able to address the effect that the Community Trust Policies have on the residents of Hoboken, Jersey City, Newark, and Paterson in greater depth and breadth than any of the public entities party to the case. *See, e.g.*, *Neonatology Assocs., P.A.*, 293 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court."). In preparing the proposed amicus brief, amici have reviewed the arguments raised in the filings of the parties and have sought to address the issues raised in the complaint without making redundant arguments.

14.    Lastly, the information presented by amici is useful to the Court and timely. Amici articulate how the Community Trust Policies empower immigrant communities to engage in their everyday lives without fearing routine interactions with municipal agencies. Amici's intimate understanding of this fear, gained from interviews with their clients, members, and patients, provides a context that is critical to understanding the policies at issue. Amici also address how this engagement

benefits all residents of Hoboken, Jersey City, Newark, and Paterson. *See, e.g.*, *Bayer Corp.*, 2014 WL 12625934, at *4 ("District Courts may permit third parties to appear in court as amicus curiae where they 'can contribute to the court's understanding of the' issues being presented to the court." (quoting *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987))).

15.    The District of New Jersey does not have a local rule setting deadlines for amicus briefs.  The present motion is filed on the same day as the Court's ruling denying the United States' motion to stay proceedings, and before Defendants' motions to dismiss have been fully briefed by the parties. This leaves sufficient time for consideration of this motion and the proposed brief.

16.    The ACLU-NJ and the 29 other organizations joining as amici present substantial special interest and expertise. I respectfully submit that the participation of the movants will assist the Court in the resolution of significant issues of public importance implicated by this case.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: October 28, 2025                    Respectfully Submitted,

By:  *s/ Farrin R. Anello*
Farrin R. Anello

*Attorney for Amici Curiae*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

       *Plaintiff*,

      - against -

CITY OF NEWARK; CITY OF
JERSEY CITY; CITY OF
PATERSON; CITY OF HOBOKEN;
NEWARK CITY COUNCIL; JERSEY
CITY CITY COUNCIL; PATERSON
CITY COUNCIL; HOBOKEN CITY
COUNCIL; C. LAWRENCE CRUMP,
Newark City Council President, in his
official capacity; JOYCE E.
WATTERMAN, Jersey City City
Council President, in her official
capacity; ALEX MENDEZ, Paterson
City Council President, in his official
capacity; JAMES DOYLE, Hoboken
City Council President, in his official
capacity; RAS J. BARAKA, Mayor of
Newark, in his official capacity;
STEVEN M. FULOP, Mayor of Jersey
City, in his official capacity; ANDRÉ
SAYEGH, Mayor of Paterson, in his
official capacity; RAVINDER S.
BHALLA, Mayor of Hoboken, in his
official capacity,

       *Defendants*.

Civil Action No.:
2:25-CV-05081-EP-AME

**APPENDIX**

The following 29 organizations that represent or advocate on behalf of a wide

range of New Jersey communities, including in Hoboken, Jersey City, Newark, and

Paterson, join the ACLU-NJ as amici in the proposed brief.

1. **Asian Americans and Pacific Islanders of New Jersey** ("AAPI NJ") is a grassroots nonprofit organization founded in 2021 that activates the power of New Jersey's AAPI communities to advance social justice through its varied, ambitious programming and advocacy. Its mission is to champion the well-being, rights, representation, histories, and cultures of New Jersey's 1 million+ Asian Americans, Native Hawaiians, and Pacific Islanders. AAPI NJ serves diverse communities across the state and has an interest in ensuring that its community members can access municipal services without fear of interactions with federal immigration enforcement.

2. The **American Friends Service Committee** ("AFSC") is a Quaker organization that includes people of various faiths who are committed to social justice, peace, and humanitarian service. Its work is based on the belief in the worth of every person and faith in the power of love to overcome violence and injustice. For over thirty years, AFSC's Immigrant Rights Program in New Jersey has integrated legal services, advocacy, and organizing, providing legal representation in challenging immigration cases and ensuring that immigrant voices in New Jersey and beyond are heard in policy debates.

3. The **Bayard Rustin Center for Social Justice** ("BRCSJ"), located in Princeton, New Jersey, is a dedicated queer safe space, community activist hub,

and educational enclave for LGBTQIA+ youth, intersectional families, and all marginalized folx. In addition to organizing Princeton's first Pride Parade, the BRCSJ offers all-inclusive initiatives, programming, and events both locally and nationally. It also organizes rallies and other happenings, both in response to current events and as per its mission in support of political, environmental, gender, and identity issues, and LGBTQIA+ and civil rights.

4. **Black Lives Matter Paterson** ("BLM Paterson") is a Black youth-led organization dedicated to transforming the City of Paterson to ensure safety and justice for all.

5. **Casa de Esperanza** is a New Jersey nonprofit organization created to serve immigrants and their families who need affordable legal, educational, and social services. Its mission is to help immigrants and refugees better understand the legal system in the United States.

6. **Cherry Hill Women's Center** ("CHWC") is a healthcare provider located in Cherry Hill, New Jersey. CHWC has become a trusted community source for compassionate and dignified abortion care for almost forty years, and its clients travel from all over New Jersey to access its services. CHWC recognizes that people seeking care often face numerous logistical, financial, and social barriers to care, in addition to the fear of immigration arrest or detention.

7. **Comité de Apoyo a los Trabajadores Agrícolas** ("CATA") is a nonprofit organization founded by migrant farmworkers in New Jersey. Its mission is to empower and work with farmworkers and immigrant workers to advance workers' rights, immigrants' rights, food justice, health and safety in the workplace, and fair wages. Because of its work centered around empowering immigrant workers, CATA has an interest in ensuring that its community members are not afraid to interact with municipal agencies.

8. **El Pueblo Unido of Atlantic County y Pueblos Cercanos** ("El Pueblo Unido") is a New Jersey nonprofit organization founded in 2019 to protect and empower Latino and immigrant families, seeking to advance justice, dignity, and equity for its community members through legal, social, and educational services, civic engagement, and community organizing. Its members are primarily working-class immigrant families and face challenges to secure housing, fair work, and access to basic resources. Accordingly, El Pueblo Unido has an interest in preserving policies that allow its members to access those resources without fear of immigration arrest or detention.

9. **Faith in New Jersey** ("FINJ") is a New Jersey statewide multi-faith and multi-racial power-building vehicle uniting faith communities and people excluded from decisions shaping their lives across all twenty-one counties. Through faith-based community organizing, FINJ delivers tangible change by advancing human

rights, democracy, and racial, economic, immigrant, and restorative justice at the local, state, and federal levels. It develops grassroots community leaders, analyzes and influences policy, and mobilizes faith voices and faith voters. Rooted in faith traditions that affirm the inherent worth and sacred dignity of every person, FINJ believes the Community Trust Policies strengthen belonging, safety, and trust. The Community Trust Policies are further aligned with FINJ's faith-based commitment to love its neighbor by keeping families whole, protecting the freedom to worship, ensuring that all people can seek care without fear, and welcoming the stranger.

10. **First Friends of New Jersey and New York** ("First Friends") is a Hudson County-based organization that supports and advocates on behalf of people detained in immigration detention centers in New Jersey, New York, and Pennsylvania. First Friends' mission is to uphold the inherent dignity and humanity of immigrants impacted by the immigration enforcement system. A volunteer-based organization, First Friends strives to reduce the isolation of detained immigrants and provide compassion and hope through its various programs for people detained, including visitation, commissary support, phone funding, and bond assistance. Its service area includes Hoboken, Jersey City, Newark, and Paterson.

11. **Garden State Equality** is New Jersey's largest LGBTQ+ advocacy and education organization with 150,000 members throughout the state. With services including advocacy, policy work, and trainings, it works to address safe environments for youth, improvement of health services that meet LGBTQ+ community needs, and respectful treatment of seniors. Garden State Equality supports New Jersey's activist community and envisions that LGBTQ+ residents of all backgrounds experience equality in their lives.

12. **Kids in Need of Defense** ("KIND") is the leading national nonprofit organization devoted to the protection of unaccompanied and separated children. KIND staff and pro bono attorneys provide free legal representation and social services for forcibly displaced children across the United States. KIND's field office in Newark serves residents from across New Jersey, including Hoboken, Jersey City, Newark, and Paterson. Many children KIND serves, and their families, are chilled from accessing local services by overreaching federal immigration enforcement, fears that are exacerbated by local agencies' voluntary participation.

13. **La Casa de Don Pedro, Inc.** is a Newark-based organization with a mission to foster self-sufficiency, community empowerment, and neighborhood revitalization. Relying on community trust to deliver that mission, La Casa de Don Pedro, Inc. has an interest in ensuring that all Newark residents, irrespective

of immigration status, can trust local law enforcement and other municipal employees without fear of collaboration with federal immigration enforcement operations.

14. **Latino Action Network** ("LAN") is a New Jersey statewide grassroots organization composed of individuals and organizations committed to engaging in collective action at the local, state, and national levels to advance the equitable inclusion of diverse Latino communities in society. LAN was founded in 2009 by a group of Latino leaders from across New Jersey. Its members testify at public hearings, write opinion pieces for publications, and meet with legislators to champion various causes, including fair housing, criminal justice reform, equitable health care delivery, desegregation of New Jersey schools, and electoral integrity in New Jersey.

15. **Latino Coalition of New Jersey** ("LCNJ") is a New Jersey nonprofit advocacy organization with a mission to promote the economic, educational, and political empowerment of the Latino community and to promote economic justice for the working poor. Its initiatives include supporting immigrants through advocating for access to in-state tuition, financial aid, and driver's licenses.

16. **LatinoJustice PRLDEF** ("LatinoJustice"), founded in 1972 as the Puerto Rican Legal Defense and Education Fund, is a national nonprofit civil rights legal defense fund that has advocated for and defended the constitutional rights of all

Latinos to ensure their equal protection under the law. It champions an equitable society through advancing Latino civil engagement, cultivating leadership, and protecting civil rights and equality. LatinoJustice has for almost two decades been actively engaged in New Jersey-related immigrants' rights law litigation and advocacy in addition to engaging in affirmative law reform litigation across the country challenging discriminatory federal immigration enforcement policies and practices that adversely impact Latino immigrants' rights as well as opposing local law enforcement agency cooperation and participation in federal immigration enforcement operations and challenging local and state anti-immigrant ordinances.

17. The **League of Women Voters of New Jersey** ("LWVNJ") is a political grassroots network and membership organization that believes the freedom to vote is a nonpartisan issue and works to empower voters and defend democracy. With members in Jersey City and Paterson, LWVNJ advocates for immigration reform.

18. **Make the Road States, dba Make the Road New Jersey** ("MRNJ") is a community-based organization that builds the power of immigrant, working-class, and Latinx communities to achieve dignity and respect through community organizing, legal and support services, policy innovation, and transformative education. Since its founding in 2014, MRNJ has served more than 100,000 New

Jerseyans. With centers in Elizabeth, Passaic, and Perth Amboy and a satellite hub in Newark, its service areas include Hoboken, Jersey City, Newark, and Paterson. As an immigrants' rights organization, MRNJ has an interest in ensuring that New Jersey cities remain safe for the immigrant community.

19. The **MinKwon Center for Community Action** is a grassroots immigrants' rights organization dedicated to empowering the Korean American community and working with broader Asian American and immigrant communities to achieve economic and social justice for all. As a supporter of immigrant and Asian American communities throughout the state, the MinKwon Center for Community Action has an interest in preserving the Community Trust Policies because they make communities safer and stronger.

20. The **National Organization for Women of New Jersey** ("NOW-NJ") is a multi-issue, multi-strategy New Jersey statewide organization that takes a holistic approach to women's rights to promote feminist ideals, lead societal change, eliminate discrimination, and achieve and protect the equal rights of all women and girls. With eight local chapters throughout the state, it uses both traditional and non-traditional means to push for social change, including electoral work, lobbying work, marches, and rallies. NOW-NJ works to promote the safety of all women and girls, including those in the immigrant community who are especially

at risk if they cannot access appropriate services out of fear of immigration arrest or detention.

21. The **New Jersey Alliance for Immigrant Justice** ("NJAIJ") is a statewide immigration coalition comprised of members that span labor, faith, policy, community-based, and grassroots organizations. As New Jersey's largest immigration coalition with over sixty members from across the state, NJAIJ creates and achieves policies that welcome and support immigrants to become rooted economically, politically, and socially within New Jersey, using the power and strength of its membership to position immigrants as leaders in campaigns that advance justice, inclusion, and belonging. NJAIJ has an interest in preserving Community Trust Policies because its work involves securing resources and access to services for the immigrant community and keeping communities whole, goals that are furthered by the trust policies at issue.

22. **New Jersey Citizen Action** ("NJCA") is a statewide coalition and grassroots organization that fights for social, racial, and economic justice for all and aims to make a difference in the lives of everyday New Jerseyans, including the immigrant community. It combines political advocacy, electoral campaigns, public outreach, and community empowerment programs to address systemic and institutional issues as well as the pressing needs and interests of low- and moderate-income individuals across the state. NJCA has an interest in ensuring

the safety of New Jersey cities and that all community members can access municipal services without fear of immigration arrest and deportation.

23. The **New Jersey Coalition to End Domestic Violence** ("NJCEDV") leads collaborative community and systemic responses to domestic violence by providing public awareness, training, advocacy, policy development, technical assistance, and supportive services. Immigrant survivors of domestic violence experience unique barriers to finding assistance that can often put them in more danger. NJCEDV has an interest in preserving the Community Trust Policies at issue because a survivor's ability to access services and support without fear of federal immigration arrest or detention is critical to that survivor's safety.

24. The **New Jersey Consortium for Immigrant Children** ("NJCIC") is a state-wide legal services and policy advocacy organization dedicated to empowering young immigrants, envisioning a New Jersey where young immigrants can flourish and lead full, fearless lives. It provides holistic, youth-centered legal representation, drives systemic change to advance immigrants' rights, and builds community through collaboration and education. NJCIC represents many young people in Jersey City, Newark, and Paterson and thus has an interest in upholding the Community Trust Policies because they help create safer, more inclusive, and welcoming communities where immigrant children can grow up supported and free from fear.

25. The **Pride Center of New Jersey** is an entirely volunteer-run community center serving the LGBTQ+ community throughout New Jersey that provides social and support groups, youth programming, and curated resources for its members. Its members have expressed concerns over anti-immigrant policies.

26. The **Reformed Church of Highland Park Affordable Housing Corporation** ("RCHP-AHC") provides affordable housing, supportive services, and connection to meaningful community for homeless and low-income individuals and families in central New Jersey. RCHP-AHC oversees programs that serve vulnerable populations, such as refugees, asylum seekers, re-entering citizens, and foreign national victims of trafficking, including community members in Jersey City and Newark.

27. The **Service Employees International Union 32BJ** ("SEIU 32BJ") is an affiliate of SEIU, the Service Employees International Union, which is the largest union of property service workers in the United States and is dedicated to raising industry standards, making life better for working families and our communities, and building a fair economy. It is proud to represent immigrant workers across New Jersey. With members in Hoboken, Jersey City, Newark, and Paterson, SEIU 32BJ has an interest in preserving the Community Trust Policies that allow its members to engage with local agencies without fear of immigration arrest or detention.

28. **Unitarian Universalist FaithAction New Jersey** ("UU FaithAction") is a community of member congregations of Unitarian Universalists working to establish just and compassionate public policy. UU FaithAction engages in public education, research, legal advocacy, and policy advocacy to affirm and promote the shared religious values of justice, equity, and pluralism. Immigration justice is one of UU FaithAction's core issues, and it works in collaboration with its own congregations, multi-faith institutions, immigrant-led justice organizations, and community advocates to uphold the inherent worth and dignity of all. UU FaithAction encourages public policy that reflects a commitment to justice and equity and serves community members in Hoboken, Jersey City, Newark, and Paterson.

29. **Volunteer Lawyers for Justice** ("VLJ") is a Newark-based legal services provider that seeks to ensure access to justice for people experiencing poverty, including immigrants. VLJ's clients and the broader community it serves include individuals, such as survivors of human trafficking, who are able to access municipal services without fear of immigration arrest or detention thanks to the Newark Executive Order and the Newark PD General Order.