

**U.S. Department of Justice**
*Civil Division*


*Washington, D.C. 20044*

---

VIA ECF                                                                    June 11, 2026

Hon. Evelyn Padin, United States District Judge
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:     *United States of America v. City of Newark*, No. 2:25-cv-5081

  Plaintiff United States of America submits this correspondence to notify the Court of the latest consequence of Newark's sanctuary policies challenged in this litigation. The Newark Police Department Memorandum 26-01 regarding "Delaney Hall Call for Service" issued on June 8, 2026 ("Newark PD Memo") creates a zone of lawlessness where the public, the Federal Government, and its contractors can no longer expect Newark police to answer 911 calls.[1] This policy undermines public safety and creates ongoing injuries and discrimination to the United States, which continues to suffer as a result of Newark's sanctuary policies and their effect on the Delaney Hall facility.[2]

### I.  Delaney Hall Unrest

  Since mid-May, rioters outside of the Delaney Hall detention facility in Newark, New Jersey, have physically obstructed federal law enforcement operations and violently attacked federal law enforcement officers by punching, kicking, and biting officers,[3] as well as threatening to assault

---

[1] The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, the Newark PD Memo is a government document publicly available, the authenticity of which has not been questioned by Newark. *See* Image posed by Wake Up NJ (@wakeupnj), X (June 9, 2026, at 4:53 ET), https://perma.cc/YYZ8-9TWD; Image posted by Defender of the Republic (@realdefender45), X (June 9, 2026, at 4:28 ET), https://perma.cc/7H8Q-XRLK. Accordingly, the Court may take judicial notice of it. *See, e.g.*, *Save Long Beach Island v. U.S. Dep't of Com.*, 794 F. Supp. 3d 273, 310 n.33 (D.N.J. 2025); *see also Moore v. Lamas*, No. 3:12-CV-223, 2017 WL 4180378, at *14 n.18 (M.D. Pa. Sept. 21, 2017).

[2] By providing this notice, the United States is not amending its Complaint or requesting to supplement its motion to dismiss briefing. This submission is a notification of new information intrinsic to the Complaint.

[3] Press Release, New Jersey Rioter at Delaney Hall Charged for Kicking and Biting ICE Officers, U.S. Dep't of Justice Office of Public Affairs (May 29, 2026), https://perma.cc/62VK-FM6K.

June 11, 2026
Page 2

and kill officers and their families.[4] Despite the documented obstruction of federal law enforcement operations and assaults and threats on federal law enforcement officers and their loved ones, on June 8, 2026, the Newark Police Department issued the Newark PD Memo, instructing its officers not to "handle any call for service pertaining to Delaney Hall" and, "[i]f officers are dispatch [sic] to a call," instead of responding, "they are to immediately notified [sic] their field supervisor or the desk boss . . ." The Newark PD Memo is the most recent consequence of Newark Mayor Ras J. Baraka's Executive Order MEO 17-001 ("Newark Executive Order"),[5] which generally prohibits the City of Newark from using its resources to assist in or facilitate the enforcement of immigration law. ECF No. 1 ("Compl.") ¶¶ 40–43.

## II.    The Newark PD Memo is a Result of the Newark Executive Order.

The Newark PD Memo is an outgrowth of the policies expressed in the Newark Executive Order, which prohibits, *inter alia*, (i) the expenditure of resources on "facilitating the civil enforcement of federal immigration law" and "participating in civil immigration enforcement operations[,]" Compl. ¶ 41(a); and (ii) the participation of Newark law enforcement in "any civil immigration enforcement operations, including . . . detentions or requests to establish traffic perimeters[,]" *id.* ¶ 41(d). *See also id.* ¶ 47 (Newark Police Division General Order 19-01 prohibits Newark Police Department personnel from "[p]articipating in civil immigration enforcement operations."). The Newark PD Memo implements the mandates of the Newark Executive Order, as it prevents Newark law enforcement from participating in and using resources to facilitate civil immigration enforcement operations by prohibiting Newark police officers from responding to calls made concerning active violent riots outside of the Delaney Hall facility—or responding to any other calls from that location—despite the fact that these calls are within Newark's law enforcement jurisdiction and previously subject to Newark law enforcement response.

## III.    The Newark PD Memo Harms the United States.

As alleged in the Complaint and stated in the United States's response to the City of Newark's Motion to Dismiss, as a result of the sanctuary policies embodied in the Newark Executive Order, the United States and its contractors have suffered and continue to suffer "serious operational consequences" that "hinder the ability of the Federal Government to enforce the nation's immigration laws." Compl. ¶ 68; *see* ECF No. 56 ("Pl.'s Opp'n") at 19 of 45. The Newark Executive Order harms, among other federal operations, the United States's "ability to locate, detain, and removal illegal aliens" by requiring the United States to divert its resources to protect its officers from violent rioters instead of dedicating its resources to the enforcement of immigration law. Pl.'s Opp'n at 25. Specifically, as a direct result of the Newark PD Memo and associated lack of Newark law enforcement response, immigration enforcement officials are forced to subdue agitators without the assistance of Newark law enforcement before taking steps to enforce immigration law. *See supra* notes 3 and 4. Because the United States is compelled by

---

[4] Press Release, Brooklyn Man Charged with Threatening to Assault and Murder ICE Officer and His Family, U.S. Dep't of Justice Office of Public Affairs (June 1, 2026), https://perma.cc/2EMD-35LD.

[5] Press Release, Mayor Ras J. Baraka Statement on Scaling Back Police Presence at Delaney Hall, City of Newark (June 4, 2026), https://perma.cc/3VSZ-2E7L ("Given the significant reduction in unrest, the City will begin scaling back its presence at Delaney Hall.").

June 11, 2026
Page 3

the Newark PD Memo to dedicate its resources to perform Newark law enforcement's duties, the United States must redeploy its resources to achieve the immigration enforcement purposes intended by Congress (i.e., locating, detaining, and removing illegal aliens). *See* Compl. ¶¶ 68–75. An order enjoining Newark and its successors, agents, and employees from enforcing the Newark Executive Order would redress the misappropriation of resources and frustration of Congressional directives caused by the Newark PD Memo by permitting the United States to focus its efforts on immigration enforcement.

### IV.    The Newark PD Memo Discriminates Against the United States.

The United States alleges that the City of Newark is discriminating against the United States by singling out federal immigration enforcement authorities for worse treatment than comparable law enforcement authorities. *See* Compl. ¶ 88; Pl.'s Opp'n at 38–42. The Newark PD Memo is the latest example of the City of Newark's blatant discriminatory treatment of the United States. By instructing law enforcement officers not to respond to calls exclusively concerning the Delaney Hall facility, an immigration detention facility, with no limit on responses to any other detention facilities (civil or otherwise), the City of Newark is subjecting the Federal Government and its contractors to significantly worse treatment than the citizens of Newark, other corporate entities, and comparable state actors. While Newark's police department continues to be available to respond to calls to state detention facilities following the issuance of the Newark PD Memo, it hinders Newark police from doing so in connection with the one federal immigration detention facility within the city limits. Accordingly, the Newark PD Memo further formalizes and expresses the City of Newark's discriminatory treatment toward the Federal Government and its contractors.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*/s/ Jackson M. Story*
JACKSON M. STORY
Trial Attorney
U.S. Department of Justice, Civil Division

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington DC 20044-0386
(202) 451-7304
jackson.m.story@usdoj.gov

*Attorneys for Plaintiff United States of America*

Enclosure: Newark Police Department Memorandum 26-01