# Milbank

**GURBIR S. GREWAL**
*Partner*
55 Hudson Yards  |  New York, NY 100001-2163
T: +1 (212) 530-5775
ggrewal@milbank.com  |  milbank.com

June 16, 2026

**<u>Via ECF</u>**

The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**Re:** *United States v. City of Newark*, **Civil Action No. 2:25-cv-5081**

Pursuant to the Court's Order, Dkt. No. 75, the Newark Defendants[1] submit this response to Plaintiff's June 11, 2026, letter asking the Court to take judicial notice of a memorandum from the Third Precinct of the Newark Police Department ("Third Precinct Memo"), which temporarily instructed precinct officers not to "handle any call for service pertaining to [the] Delaney Hall" immigration detention facility, and to notify a supervisor or desk officer if they were dispatched to Delaney Hall.  Dkt. No. 74 at 2.  The Court should strike Plaintiff's letter.  Not only does it mischaracterize the Third Precinct Memo, which addressed the temporary handling of a local policing matter and was superseded the same day with comprehensive departmental guidance, but it is also an improper attempt to amend the Complaint outside the procedures laid out in Federal Rule of Civil Procedure 15.  And in any event, Plaintiff's new factual allegations cannot cure the legal defects in its Complaint.  Courts in this Circuit regularly decline to consider deficient filings like this one.  *E.g.*, *Christian v. BT Grp. PLC*, No. 17-497, 2020 WL 1969941, at *1 (D.N.J. Apr. 24, 2020); *Encore Dermatology Inc. v. Glenmark Pharm. Ltd.*, No. 20-2509, 2020 WL 7586958, at *4 n.3 (D.N.J. Dec. 22, 2020).  This Court should do so as well.

As an initial matter, Plaintiff relies (at 1 n.1) on X as its source for the Third Precinct Memo and, like its source, mischaracterizes the temporary memorandum as standing department-wide guidance.  The Third Precinct Memo was in effect for less than a day within a very specific area of Newark.  It was an exercise of purely local police power rooted in Newark's inherent authority to allocate its own law enforcement resources, manage officer safety, and maintain public order within its jurisdiction, especially in emergent situations; it did not regulate immigration, obstruct federal enforcement operations, or dictate how federal agencies should manage their detention facilities.  Local police agencies routinely make operational decisions like this one about patrol zones, call prioritization, and deployment strategies based on community needs, staffing constraints, and officer welfare—none of which implicates federal authority.  And when the urgent issue that the Third Precinct Memo addressed subsided, the Third Precinct Memo was replaced the very same day with a more detailed memorandum from the Newark Department of Public Safety

---

[1] This response is being filed by the Newark Defendants per the terms of the Court's Order, Dkt. No. 75.  The Hoboken Defendants, Jersey City Defendants, and Paterson Defendants join in the response.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

providing comprehensive guidance to Newark officers responding to calls for service at Delaney Hall. Plaintiff's claim (at 2) that the Third Precinct Memo somehow "hinder[s] the ability of the Federal Government to enforce the nation's immigration laws" therefore could not be further from the truth.

Plaintiff's failure to explain any of the above and reliance on social media sources as truth foreclose its request for judicial notice. The general rule is that a court "may not consider anything beyond the four corners of the complaint on a motion to dismiss." *Kaynaroglu v. Avis Budget Grp., Inc.*, 773 F. Supp. 3d 169, 178 (D.N.J. 2025). Federal Rule of Evidence 201(b) creates a narrow exception to that rule, permitting a district court to take judicial notice of a fact that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 390 (D.N.J. 2010) (similar). "Conversely, judicial notice is improper if a legitimate question exists as to the underlying source of the information." *Id.* And the Third Circuit has cautioned that "[o]nly in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007).

Plaintiff's request does not satisfy that limited exception because it raises a host of factual issues that would require discovery, briefing, and argument—for example, how was the Third Precinct Memo understood or implemented during the brief period it was in place, and whether the memorandum had any effect on any issue relevant to this case. Such factual questions are not "capable of accurate and ready determination" from the face of the memorandum, *Synchronoss*, 705 F. Supp. 2d at 390 (citation omitted)—particularly where Plaintiff neglected to mention the critical fact that the memorandum was superseded by more comprehensive guidance. The Court should deny Plaintiff's request on that basis alone. *See Woodell v. Wenerowicz*, No. 18-1098, 2019 WL 4139264, at *23 (E.D. Pa. Aug. 30, 2019) (declining to take judicial notice where the newly alleged facts were not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" (citation omitted)); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 319-321 (D.N.J. 2014) (similar).

Plaintiff's request is also procedurally improper. It is black-letter law that a plaintiff seeking to supplement a complaint with new factual allegations must do so by formally amending the complaint. *See* Fed. R. Civ. P. 15(a). A plaintiff may not "rely on new facts not alleged in the[ ] Complaint to defeat a motion to dismiss." *Bolden v. Nat'l Fin. Servs. LLC*, No. 04-5527, 2005 WL 8175134, at *6 (D.N.J. May 23, 2005). Nor can "the complaint . . . be amended by the briefs in opposition to a motion to dismiss." *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) (citation omitted); *accord Boss v. Davis*, No. 14-cv-5771, 2015 WL 6407960, at *3 (D.N.J. Oct. 20, 2015) (letters, addenda, or supplements will not modify the complaint). Moreover, D.N.J. Rule 7.1(d)(6) flatly prohibits any kind of sur-reply not specifically permitted by the Court.

Plaintiff's letter is therefore completely procedurally improper. The letter is replete with new factual allegations about Delaney Hall that are not even hinted at in the Complaint. *See, e.g.*, Dkt. No. 74 at 2 (discussing "active violent riots outside of the Delaney Hall facility" and claiming that the alleged police order "prevents Newark law enforcement from participating in and using resources to facilitate civil immigration enforcement operations"). Indeed, Plaintiff concedes that its "submission" contains "*new* information." *Id.* at 1 n.2 (emphasis added). Yet Plaintiff has not asked for leave to amend the Complaint or even to submit a sur-reply. And any such leave would necessarily be denied given that the motion to dismiss was fully briefed months ago.

Plaintiff says (at 1 n.2) that the new information is "intrinsic to the Complaint." Even if that were correct, there is no intrinsic-to-the-complaint exception to D.N.J. Rule 7.1(d)(6). But it is dead wrong. As discussed above, the now-superseded memorandum concerns purely local policing priorities; it has nothing to do with the Complaint, which asked the Court to determine whether Defendants' policies limiting local officers' cooperation with federal civil immigration authorities "obstruct the Federal Government's ability to enforce the federal immigration laws" and are "preempted under both express and conflict preemption principles." Compl. ¶¶ 83, 84. Plaintiff's brazen disregard of the procedural requirements dooms its request.

In any event, Plaintiff's newfangled allegations cannot overcome the fundamental legal defect in the Complaint—that prior decisions from this Court and the Third Circuit foreclose its preemption challenge. As Defendants already explained, *see* Dkt. Nos. 37-1, 38-1, 39-1, 61, 62, 63, Plaintiff cannot establish Article III injury or redressability. And far from "requiring the United States to divert its resources" away from enforcing federal immigration law, *see* Dkt. No. 74 at 3, the Third Precinct Memo simply exercises Newark's discretion under the Immigration and Nationality Act ("INA") and the Tenth Amendment to direct its own law enforcement priorities. *See, e.g.*, *United States v. California*, 921 F.3d 865, 889 (9th Cir. 2019) (the INA "provides states and localities the *option*, not the *requirement*, of assisting federal immigration authorities"); *County of Ocean v. Grewal*, 475 F. Supp. 3d 355, 382 (D.N.J. 2020) (the "burden of complying with the INA" is on the federal government, and States and localities are under no obligation to spend money and devote resources to alleviate that burden). Finally, because federal officials at Delaney Hall are not comparably situated to any New Jersey law enforcement officers, nothing in the Third Precinct Memo discriminates against federal officials. *E.g.*, *North Dakota v. United States*, 495 U.S. 423, 435 (1990) (a state law or regulation violates the doctrine of intergovernmental immunity "only if it regulates the United States *directly* or discriminates against the Federal Government or those with whom it deals" (emphasis added)).

In short, even if the Court were to consider Plaintiff's brand-new, procedurally-improper factual allegations, they would not change a thing: The Third Precinct Memo is no longer in effect; Plaintiff still has no standing; and the Third Circuit has already rejected Plaintiff's arguments on the merits. But the Court should not condone Plaintiff's procedural violations and its slipshod attempt to pass off a temporary memorandum as established Newark police policy. The Court should strike the letter and decide the case based on the briefing the parties have already submitted.

Respectfully submitted,

*/s/ Gurbir S. Grewal*
Gurbir S. Grewal