Milbank

**GURBIR S. GREWAL**
*Partner*
55 Hudson Yards | New York, NY 100001
T: +1 (212) 530-5775
ggrewal@milbank.com | milbank.com

October 2, 2026

**Via ECF**

The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**Re: *United States v. City of Newark*, Civil Action No. 2:25-cv-5081**

Dear Judge Padin:

Defendants jointly write to the Court regarding the United States' Proposed Final Judgment, Dkt. No. 87-1. Despite this Court's directive that the United States confer with Defendants regarding the proposed order, Dkt. No. 86, the United States neither engaged in a meaningful conferral process nor provided Defendants an adequate opportunity to review its proposed filing. Having now reviewed the United States' proposed filing and cited legal authority, which for the first time cites relevant precedent for its position, Defendants consent to the proposed order but request that the Court direct the government to confirm in writing that it is precluded from taking any subsequent efforts to amend the complaint to address the Article III defects.

On September 29, the United States first emailed Defendants a proposed order requesting dismissal "with prejudice" in light of its September 22 letter to the Court, Dkt. No. 85, which declared an intention to stand on the original Complaint rather than file an amended pleading. Defendants responded the next day indicating that they were reviewing the proposed filing and would revert to the United States before this Court's filing deadline of October 1. After conferring, Defendants agreed to the United States' proposed final judgment, but before they had a chance to respond, the United States emailed a new version of the proposed final judgment. This version again requested a dismissal "with prejudice," but no longer referenced the United States' September 22 letter relinquishing its right to amend. Defendants promptly responded to the United States that they had conferred among themselves and agreed to the original proposed order and requested the United States to submit that version. The United States declined and indicated it would send over yet another version later in the day. At 6:17 pm on October 1, the United States told Defendants that "it appears that the parties could not reach agreement on the form of the proposed Final Judgment in this case" and that it would submit a proposed final judgment requesting a dismissal *without* prejudice. Given this timing, Defendants were unable to meaningfully confer among themselves or with the United States regarding the filing, or review the United States' legal authorities for that matter.

Having now considered the United States' Proposed Final Judgment, Defendants agree that dismissal without prejudice is appropriate. Defendants previously objected to the United States' letter request to this Court to "enter a final order dismissing the complaint without prejudice in the above-captioned case" because the United States did not explain why they were seeking a dismissal "without prejudice" if they intended to "stand[] on the[ir] complaint." *See* Dkt. No. 85 at 1. Moreover, in its jurisdictional filing before the Third Circuit, the United States failed to even mention that—in seeking a final order from this Court—it had asked for a dismissal "without prejudice." *See* Pl.'s Resp. to Clerk Order, *United States v. City of Newark*, No. 26-3141 (3d Cir. Sep. 23, 2026), Dkt. No. 6. As a result, Defendants were unsure whether the United States was attempting to preserve its ability to file an amended complaint to address the Article III issues this Court identified in its order dismissing the initial complaint. See Defs.' Resp. to Clerk Order at 2, *United States v. City of Newark*, No. 26-3141 (3d Cir. Sep. 23, 2026), Dkt. No. 11 (explaining that the United States' request was not clear and unambiguous "because, in again asking for dismissal without prejudice, the United States" appeared to be attempting to "preserve its ability to amend the complaint").

The United States *still* has not explained to this or any other court why it is both standing on its complaint and seeking dismissal without prejudice, and the draft orders the United States sent Defendants on September 29 and early on October 1 only served to create more confusion, suggesting that the United States itself may have been unsure of whether it was appropriate to make that request. But in its filing with the Court last night, the United States finally cited some case law that elucidates its request for a dismissal without prejudice. Specifically, the United States cited *Aldossari v. Ripp*, 49 F.4th 236 (3d Cir. 2023), which holds that because "[d]ismissal for lack of standing . . . reflects a lack of jurisdiction rather than a view on the merits," dismissal without prejudice is appropriate. *Id.* at 262 (citation modified); *see* Dkt. No. 87. That case further explains that a "dismissal with prejudice operates as an adjudication on the merits," and so would have an unwarranted "preclusive effect on future suits," *Aldossari*, 49 F.4th at 262 (citation modified)—even though "the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits," *Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025) (citation omitted).

Defendants now surmise that the United States is seeking a dismissal without prejudice only because this Court's dismissal order was predicated on jurisdictional grounds. Defendants further infer that the United States is not seeking a dismissal without prejudice in order to preserve its ability to later attempt to replead standing. In other words, Defendants' understanding is that the United States is asking this Court to enter final judgment with respect to Article III standing, and it is disclaiming any right or intent to later file an amended complaint that seeks to remedy the standing defects this Court identified.

On that understanding, Defendants consent to the proposed order that the United States submitted last night. But given the United States' unwillingness to explain its reasoning or confer on the issue, Defendants respectfully request that this Court order the United States to confirm, in writing, that they agree with Defendants' understanding that the final judgment they have asked the Court to enter will preclude them from any subsequent effort to file an amended complaint addressing the Article III defects.

Respectfully submitted,

*/s/ Gurbir S. Grewal*
Gurbir S. Grewal
Milbank LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5775
ggrewal@milbank.com

*Counsel for Defendants City of Newark, Ras Baraka, Newark City Council, C. Lawrence Crump, City of Hoboken, Emily Jabbour, Hoboken City Council, and Ruben Ramos Jr.*

*/s/ Sarah Michael Levine*
Sarah Michael Levine
City of Jersey City
280 Grove Street – City Hall
Jersey City, NJ 07302
Telephone: (201) 547-4667
slevine@jcnj.org

*Counsel for Defendants City of Jersey City, James Solomon, Jersey City City Council, and Denise Ridley*

*/s/ Aymen A. Aboushi, Esq.*

Aymen A. Aboushi, Esq.
City of Paterson
155 Market Street
Paterson, NJ 07505
Telephone: (973) 321-1366
aaboushi@patersonnj.gov

*Counsel for Defendants City of Paterson, André Sayegh, Paterson City Council, and Dr. Lilisa Mimms*

cc: All counsel of record via CM/ECF